IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. ROSE,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA,<br><br>          Defendant.<br>_____/ | Case No. 1:08-cv-00681 LJO JLT (PC)<br><br>ORDER DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THE DISMISSAL OF OTHER CLAIMS AND DEFENDANTS |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's amended complaint filed February 16, 2010.

I.  **PROCEDURAL BACKGROUND**

Plaintiff filed his original complaint and initiated this civil rights action on May 15, 2008. (Doc. 1.) On November 26, 2008, the Court dismissed this action for failure to state a claim. (Doc. 15.) The Court held that Plaintiff's claim challenging his parole hearing was properly presented in a petition for a writ of habeas corpus, not a § 1983 complaint. (See Doc. 9.) Plaintiff appealed to the Ninth Circuit Court of Appeals, and on January 5, 2010, the Ninth Circuit Court of Appeals vacated this Court's decision and remanded for further proceedings. (Doc. 21.) The Ninth Circuit Court of Appeals held in this regard that Plaintiff may challenge his parole hearing under § 1983 to the extent that he is seeking only prospective injunctive and declaratory relief. (See Doc. 20)

1

On January 15, 2010, the Court dismissed Plaintiff's complaint with leave to amend. (Doc. 22.) Plaintiff filed the pending amended complaint on February 16, 2010. (Doc. 23.) Finally, on September 22, 2010, this case was reassigned to the undersigned magistrate judge. (Doc. 25.)

## II. SCREENING

### A. Screening Requirement

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### B. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C. Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**III. THE AMENDED COMPLAINT**

In his amended complaint, Plaintiff appears to present five types of claims challenging his February 5, 2008 parole hearing. First, Plaintiff claims that the hearing panel violated his rights under the First Amendment by considering two disciplinary reports related to his religious practices. (Am. Compl. at 13-15.[1]) Second, Plaintiff claims that the hearing panel's consideration of the two disciplinary reports also violates his rights under the Religious Land Use and Institutionalized Persons Act

---

[1] Plaintiff's amended complaint is not paginated. Therefore, for the sake of consistency, the Court will cite to the pages of the amended complaint as they appear on ECF/CM.

("RLUIPA"). (Id.) Third, Plaintiff claims that the hearing panel violated his rights under the Sixth Amendment by considering "medical psychological facts" and "unchangeable facts of [his] offense." (Id. at 18-19.) Fourth, Plaintiff claims that the hearing panel violated his rights under the Equal Protection Clause by considering rehabilitation-related criteria, commitment offense factors, and "medical psychological treatment." (Id. at 16-17.) Finally, Plaintiff claims that the hearing panel violated his due process rights because the panel failed to provide him fair notice of the hearing and because the panel's decision to deny him parole was not supported by evidence demonstrating that he posed a "current danger to public safety." (Id. at 10, 12 & 19.) In terms of relief, Plaintiff seeks a new parole hearing. (Id. at 21.)

## IV.   DISCUSSION

### A.   First Amendment and RLUIPA

Plaintiff alleges that the hearing panel violated his rights under the First Amendment and RLUIPA by considering two disciplinary reports relating to his Native American religious practices. (Am. Compl. at 13-15.) One disciplinary report concerned the prison's hair length requirements. (Id. at 14.) The other disciplinary report involved Plaintiff's possession of tobacco. (Id. at 15.)

A prisoner retains the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Cruz v. Beto, 405 U.S. 319, 322 (1972)). However, a prisoner's First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). These competing interests are balanced by applying a "reasonableness test." Id. "Regulations that impinge on an inmate's constitutional rights will be upheld only if they are reasonably related to legitimate penological interests." Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

In addition, under RLUIPA the government is prohibited from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government establishes that the burden furthers "a compelling government interest" and does so by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). A prisoner pleading a RLUIPA claim bears the

initial burden of demonstrating that the institution's actions have placed a "substantial burden" on the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005). A "substantial burden" is one that imposes a "significantly great restriction or onus upon such exercise." Id. at 995-96. Put another way, the burden must be "oppressive" to a great extent, such that it renders religious exercise "effectively impracticable." San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1035-36 (9th Cir. 2004).

Here, Plaintiff fails to demonstrate how the actions of the hearing panel directly impinge, substantial burden, or otherwise prevent him from freely exercising his religion. California Code of Regulations, Title 15, section 2281 provides a list of factors which the hearing panel is directed to consider in determining whether a prisoner is suitable for parole. Among those factors is a prisoner's institutional behavior and disciplinary history. Cal. Code of Regs., tit. 15, § 2281(c)(6) & (d)(8). That a disciplinary report contains reference to religious-related activity does not, in of itself, preclude its consideration by the hearing panel under the First Amendment or RLUIPA. Accordingly, Plaintiff's allegations fail to state a cognizable claim.[2]

**B.     Sixth Amendment**

Pursuant to California Code of Regulations, Title 15, section 2251(b), in determining whether a prisoner is suitable for parole, the hearing panel is directed to consider a prisoner's past and present mental state, past criminal history, and the circumstances surround the commitment offense. However, Plaintiff claims that the hearing panel's consideration of "medical psychological facts" and "unchangeable facts of [his] offense" violates his rights under the Sixth Amendment. (Am. Compl. at 18-19.) In Plaintiff's view, such facts have not been proven beyond a reasonable doubt by a jury and therefore may not be used to "increase his punishment or extend his sentence." (Id. at 19.)

The United States Supreme Court has established that "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence [than the statutory maximum] must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the

---

[2] It is unclear whether Plaintiff seeks to challenge the constitutionality of the disciplinary reports in of themselves. To the extent that he does, Plaintiff is advised that a suit against the hearing panel in connection with his parole suitability hearing is not the appropriate manner to address the issue. Rather, Plaintiff should file a civil rights action against the prison official who first issued the disciplinary report.

5

evidence." Cunningham v. California, 549 U.S. 270, 281 (2007); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Here, Plaintiff has been sentenced to an indeterminate term of up to life imprisonment with the possibility, not the guarantee, of parole. (Am. Compl. at 7, Ex.1.) The denial of parole therefore does not impose a greater sentence on Plaintiff and does not trigger the right to a jury under the Sixth Amendment. As one court in this district recently observed:

> It would be inappropriate for a parole board to consider only facts found by the jury at the prisoner's trial, disregarding subsequent evidence of rehabilitation or dangerousness[.] [A]nd[,] the Supreme Court has certainly never held that a prisoner is entitled to have a jury determine his eligibility for parole.

Wilkerson v. Felker, No.2:06-cv-01981-AK, 2009 WL 54901, at *2 (E.D. Cal. Jan. 8, 2009) (internal citations omitted). Accordingly, Plaintiff's allegations fail to state a cognizable claim under the Sixth Amendment.

**C.   Equal Protection**

In determining whether a prisoner is suitable for release on parole, the hearing panel also considers several factors relating to rehabilitation. For example, circumstances tending to show suitability for parole include whether a prisoner shows remorse for his actions, whether a prisoner has made realistic plans in the future, or whether a prisoner has developed marketable skills that can be put to use upon release. Cal. Code Regs., tit. 15, § 2281(d)(3) & (8). In this case, Plaintiff claims that the hearing panel's consideration of rehabilitation-related criteria, commitment offense factors, and "medical psychological treatment" violates his rights under the Equal Protection Clause of the Fourteenth Amendment. (Am. Compl. at 16-17.) With regard to rehabilitation, Plaintiff specifically argues that because the purpose of incarceration in California is punishment, see Cal. Pen. Code § 1170(a)(1), his efforts towards rehabilitation, or lack thereof, are irrelevant as to whether he is suitable for parole. (Am. Compl. at 12.)

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that he was intentionally discriminated against on the basis of his membership in a suspect class, such as race. See Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); Barren v. Harrington, 152 F.3d 1193, 1194 (9th

Cir. 1998). If, however, the action in question does not involve a suspect classification, a plaintiff may also establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). Under either theory, a plaintiff must "allege facts that are at least susceptible of an inference of discriminatory intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting Monteiro v. Temple Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998)).

Here, Plaintiff fails to state a cognizable equal protection claim because he fails to allege any facts demonstrating discriminatory intent. See Byrd, 565 F.3d at 1212. Plaintiff does not allege that he was intentionally discriminated against on the basis of a suspect classification such a race. Nor does Plaintiff allege facts demonstrating that he was in any way treated differently from similarly situated individuals. To the contrary, it is apparent that under California Code of Regulations, Title 15, § 2281, a hearing panel considers *every* prisoner's rehabilitation efforts, past criminal history, and psychological condition in determining whether a prisoner is suitable for parole.

Moreover, Plaintiff's argument that his rehabilitation efforts are irrelevant to his suitability for parole is misguided. Although it is true that under that under California Penal Code § 1170(a)(1) the purpose of imprisonment is punishment, "the [California] Legislature did not intend the statement of purpose in section 1170, subdivision (a)(1) to be exhaustive," People v. Thomas, 87 Cal. App. 3d 1014, 1022 (1979), or to "altogether eliminate rehabilitation as a function of incarceration." People v. Caruso, 161 Cal. App. 3d 13, 18 (1984). Rather, the state retains a "compelling interest" in rehabilitating its prisoners and improving the possibility of reintegrating its prisoners into society. Id. at 18-21. Thus, the hearing panel's consideration of Plaintiff's rehabilitation efforts, or lack thereof, appears to be rationally related to the granting of parole.

**D.    Due Process**

Plaintiff claims that the hearing panel violated his due process rights because their decision to deny him parole was not supported by evidence demonstrating that he posed a "current danger to public safety." (Id. at 10-12.) In addition, Plaintiff alleges that he was not afforded fair notice of the hearing. (Id. at 10, 19.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).

A protected liberty interest may arise under the Due Process Clause itself or under a state statute or regulation. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). In the context of parole, the United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981). However, where a state's statutory scheme uses mandatory language, as California's does, it gives rise to a cognizable liberty interest in release on parole. Bd. of Pardons v. Allen, 482 U.S. 369, 377-78 (1987) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)); Pirtle v. Cal. Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010) (citing McQuillion, 306 F.3d at 903).

Therefore, in California, due process requires that a prisoner have advanced notice of his parole hearing, an opportunity to be heard and submit materials for consideration at the hearing, and to have access to materials submitted by others. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987). In addition, pursuant to California law, any decision to deny a prisoner parole must be supported by "some evidence of current dangerousness." Pearson v. Muntz, 606 F.3d 606, 611 (9th Cir. 2010) (quoting and citing Hayward v. Marshall, 603 F.3d 546, 569-70 (9th Cir. 2010)).

Plaintiff's allegation that he was not provided advanced notice of his February 5, 2008 hearing is sufficient to state a cognizable due process claim. See Jancsek, 833 F.2d at 1390. On the other hand, Plaintiff's allegation that the panel's decision was not supported by sufficient evidence is too vague and conclusory to state a cognizable due process claim. Plaintiff's sole argument as to this claim is that the hearing panel unlawfully considered factors such as his disciplinary history, rehabilitation efforts, psychological treatment, and facts regarding his offense in denying him parole. However, as noted above, under California law these factors must be considered by a hearing panel and are a legitimate basis for denying a prisoner parole. See Cal. Code Regs., tit. 15, § 2281. Plaintiff must therefore allege

8

more to state a cognizable claim. Specifically, Plaintiff must explain the actual findings made by the hearing panel and articulate why he believes those findings fail to demonstrate "some evidence of current dangerousness." Pearson, 606 F.3d at 611.

### E.  Defendants

Plaintiff has identified the California Board of Prison Hearings as a defendant to this action. The Eleventh Amendment, however, serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state consents to the suit. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state . . . under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.") (internal quotations omitted). Here, the State of California has not consented to suit, and therefore the California Board of Prison Hearings must be dismissed from this action. See Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).

### F.  Leave to Amend

The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court with respect to his due process claims. See Lopez, 203 F.3d at 1127-28; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, the Court will not grant Plaintiff leave to amend with respect to his First Amendment, RLUIPA, Sixth Amendment, or equal protection claims. The Court finds that the deficiencies in these claims cannot possibly be cured by amendment and will therefore recommend the dismissal of these claims with prejudice. See Noll, 809 F.2d at 1448-49 ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

## V.  CONCLUSION

In accordance with the above, it is HEREBY ORDERED that:

1. Plaintiff is granted thirty (30) days from the date of this order to file a second amended complaint that cures the deficiencies in his due process claim as explained above. In the alternative, Plaintiff may file a notice with the Court electing to proceed on the procedural due process claim already found cognizable by the Court.

2. Plaintiff is cautioned that if he elects to file a second amended complaint, it must be complete in of itself and may not refer to his prior pleadings. Local Rule 220. Plaintiff is also cautioned that he may not change the nature of this suit by adding new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Lastly, Plaintiff is advised that the second amended complaint must be labeled "Second Amended Complaint" and must bear the docket number assigned to this case.

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action.

Also, for the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Plaintiff's First Amendment claims be dismissed with prejudice for failure to state a cognizable claim;

2. Plaintiff's RLUIPA claims be dismissed with prejudice for failure to state a cognizable claim;

3. Plaintiff's Sixth Amendment claims be dismissed with prejudice for failure to state a cognizable claim;

4. Plaintiff's equal protection claims be dismissed with prejudice for failure to state a cognizable claim; and

5. The Board of Prison Hearings be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 26, 2010**                                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE