IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. ROSE,<br><br>   Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA,<br><br>   Defendant.<br>_____/ | Case No. 1:08-cv-00681 LJO JLT (PC)<br><br>ORDER DENYING MOTION FOR A STAY<br><br>(Doc. 32) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On January 18, 2011, Plaintiff filed a motion to stay these proceedings pending appeal to the Ninth Circuit. The Court has construed Plaintiff's motion as a request for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and partial judgment pursuant to Federal Rule of Civil Procedure 54(b). For the reasons set forth below, the Court **DENIES** the motion.

**I.   BACKGROUND**

In his amended complaint, Plaintiff presents five types of constitutional challenges to his February 5, 2008 parole hearing. First, Plaintiff claims that the parole board violated his rights under the First Amendment by considering two disciplinary reports related to his religious activities. (Doc. 23 at 13-15.) Second, Plaintiff claims that, for the same reason, the parole board violated his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). (Id.) Third, Plaintiff claims that the parole board violated his rights under the Sixth Amendment by considering

"medical psychological facts" and "unchangeable facts of [his] offense." (Id. at 18-19.) Fourth, Plaintiff claims that the parole board violated his rights under the Equal Protection Clause of the Fourteenth Amendment by considering rehabilitation-related criteria, commitment offense factors, and "medical psychological treatment." (Id. at 16-17.) Fifth, Plaintiff claims the parole board violated his rights under the Due Process Clause of the Fourteenth Amendment by failing to provide him with fair notice of his hearing and because the parole board's decision to deny him parole was not supported by evidence demonstrating that he posed a current danger to public safety. (Id. at 10, 12 & 19.)

By order filed October 27, 2010, the assigned Magistrate Judge screened the amended complaint pursuant to 28 U.S.C. § 1915A. (Doc. 26.) The Magistrate Judge recommended that Plaintiff's claims under the First Amendment, RLUIPA, Sixth Amendment, and Equal Protection Clause of the Fourteenth Amendment be dismissed for failure to state a claim. (Id.) The Magistrate Judge also dismissed Plaintiff's due process claims but granted Plaintiff leave to amend with respect to those claims. (Id.) Plaintiff was informed that his allegation that he was not provided advanced notice of his hearing states a cognizable claim, but to the extent that he challenges the parole board's denial of parole, Plaintiff must allege additional facts demonstrating that the decision was not supported by "some evidence of current dangerousness." (Id. at 8-9.) In reaching this conclusion, the Magistrate Judge relied on the Ninth Circuit's decision in Pearson v. Muntz, 606 F.3d 606, 611 (9th Cir. 2010). (Id. at 9.)

On December 20, 2010, the Court adopted the Magistrate Judge's findings and recommendations in full. (Doc. 31.) The Court dismissed Plaintiff's claims under the First Amendment, RLUIPA, Sixth Amendment, and Equal Protection Clause of the Fourteenth Amendment. (Id.) The Court also agreed with the Magistrate Judge's application of the "some evidence" standard to Plaintiff's due process claims. (Id. at 2.) Plaintiff was again advised that to the extent that he sought to challenge the parole board's decision to deny him parole, he must amend his pleadings to allege facts demonstrating that the decision was not supported by "some evidence of current dangerousness." (Id.)

Plaintiff filed the instant motion on January 18, 2011. (Doc. 32.) Therein, Plaintiff contests the Court's application of the "some evidence" standard to his parole challenge. (Id. at 2.) In Plaintiff's view, the "some evidence" standard is insufficient in protecting his due process rights under the Fourteenth Amendment. (Id. at 3-5.) Plaintiff contends that the Court must apply the "clear and

2

convincing evidence" standard to his claims. (Id. at 3.) Plaintiff therefore requests a stay "pending appeal to the Ninth Circuit of Appeals" on the issue, as well as a "Certificate of Appealability" on the claims that the Court has dismissed. (Id. at 1, 6.)

## II.     DISCUSSION

### A.     Appealability

Plaintiff apparently seeks immediate appellate review of the Court's (1) application of the "some evidence" standard to his due process claims, and (2) dismissal of Plaintiff's claims under the First Amendment, RLUIPA, Sixth Amendment, and Equal Protection Clause of the Fourteenth Amendment. The general rule, however, is that an appellate court should not review a district court ruling until after entry of a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 478 (1978); In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). The Court has not entered final judgment in this case. Plaintiff therefore may not appeal the Court's order, or any other decision rendered in this case, at this time unless one of the exceptions discussed below apply.

### B.     Interlocutory Appeal

Under federal law, a district court may certify for appeal an otherwise unappealable decision in certain exceptional circumstances. 28 U.S.C. § 1292(b). A party seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must demonstrate that (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion regarding the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement Antitrust Litigation, 673 F.2d at 1026. This burden is high. See United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). District courts should not certify an issue for interlocutory appeal unless it would help avoid protracted and expensive litigation. Id.

As noted above, Plaintiff questions the application of the "some evidence" standard to his parole proceedings and instant parole challenge. In Plaintiff's view, the Due Process Clause of the Fourteenth Amendment requires that the parole board's decision to deny him parole must be supported by "clear and convincing evidence" of current dangerousness.

Since the filing of Plaintiff's motion, the United States Supreme Court has squarely addressed this issue. Swarthout v. Cooke, __ U.S. __, No. 10-333, 2011 U.S. LEXIS 1067 (Jan. 24, 2011). In

1  Swarthout, the United States Supreme Court held that the Ninth Circuit erred in converting California's
2  "some evidence" standard into a substantive federal due process requirement. Id. at *7. Whether the
3  parole board's decision to deny an inmate parole comports with the "some evidence" standard is a
4  question for California's state courts, not federal district courts. Id. at *8, *10. A federal court's due
5  process inquiry with respect to an inmate's parole proceeding is limited to a determination of whether
6  the inmate was afforded "an opportunity to be heard . . . and a statement of the reasons why parole was
7  denied." Id. at *6-7.

8        In light of Swarthout, there is absolutely no basis for a difference of opinion regarding what due
9  process protections must be afforded to an inmate in a parole proceeding under federal law. Under
10 federal law, the parole board's decision to deny an inmate parole does not need to be supported by "clear
11 and convincing evidence," as Plaintiff argues. Nor does the decision need to be supported by "some
12 evidence of current dangerousness," as the Ninth Circuit has previously held. Id. at *4-5. Rather, as
13 indicated above, all the Due Process Clause of the Fourteenth Amendment requires is that an inmate be
14 afforded "an opportunity to be heard . . . and a statement of the reasons why parole was denied." Id. at
15 *6-7.

16       Because the United States Supreme Court has clearly settled this issue, an immediate appeal
17 regarding the matter would not "advance the ultimate termination of the litigation." In re Cement
18 Antitrust Litigation, 673 F.2d at 1026. Instead, an immediate appeal of this issue would fail, and as a
19 result, would only further delay the resolution of this case. Accordingly, certification of the issue for
20 interlocutory appeal is unwarranted.

21       **C.**    **Rule 54(b)**

22       In accordance with the Court's December 20, 2010 order, Plaintiff's claims under the First
23 Amendment, RLUIPA, Sixth Amendment, and Equal Protection Clause of the Fourteenth Amendment
24 were dismissed with prejudice for failure to state a claim. (Doc. 31.) To the extent that Plaintiff seeks
25 the ability to immediately appeal this order, the proper avenue for doing so is Federal Rule of Civil
26 Procedure 54(b).

27       Federal Rule of Civil Procedure 54(b) is applicable where the district court has entered a final
28 decision as to particular claims and/or parties, yet that judgment is not immediately appealable because

other issues in the case remain unresolved. James v. Price Stern Sloan, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). "Pursuant to Rule 54(b), the district court may sever this partial judgment for immediate appeal whenever it determines that there is no just reason for delay." Id. However, partial "[j]udgment[] under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Plaintiff's claims should not be severed so that he may immediately appeal their dismissal. This is not an "unusual case." Id. To the contrary, this Court confronts constitutional challenges to parole decisions similar to the one presented by Plaintiff almost daily. Moreover, the Court does not find, nor has Plaintiff argued, that there are any pressing needs that require an early and separate judgment on these claims. Indeed, by entering partial judgment the Court would only be needlessly multiplying the number of proceedings and would only burden the Ninth Circuit's already overcrowded docket. Thus, partial judgment under Rule 54(b) is inappropriate in this case.

**III.    CONCLUSION**

Accordingly, for the reasons set forth above, it is **HEREBY ORDERED** that Plaintiff's January 18, 2011 motion for a stay, construed by the Court as a request for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and partial judgment pursuant to Rule 54(b), is **DENIED**.

IT IS SO ORDERED.

**Dated:     February 8, 2011**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE