IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. ROSE, | Case No. 1:08-cv-00681 LJO JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| vs. | |
| STATE OF CALIFORNIA, | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed November 27, 2010, the Court directed Plaintiff to either file a second amended complaint or notify the Court in writing that he wishes to proceed on the claim found cognizable by the Court.  (Doc. 26.)  Upon Plaintiff's request, the Court granted Plaintiff an additional sixty days to comply with the Court's instructions.  (Doc. 29.)  However, instead of filing a second amended complaint or written notice of his willingness to proceed on the amended complaint within those sixty days, Plaintiff filed a motion to stay this matter pending appeal to the Ninth Circuit.  (Doc. 32.)  The assigned district judge denied the motion to stay on February 8, 2011.  (Doc. 33.)

By order filed February 9, 2011, the Court *sua sponte* granted Plaintiff an additional thirty days to comply with the Court's November 27, 2010 order.  (Doc. 34.)  Plaintiff was cautioned that failure to comply with the Court's orders would result in a recommendation that this action be

dismissed.  (Id.)  Nevertheless, the thirty day period has expired, and Plaintiff has still failed to file a second amended complaint or notify the Court in writing of his willingness to proceed on the amended complaint.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case."  Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986).

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal is appropriate and warranted.  This case has been pending for over one year.  Despite the Court's efforts at moving the case forward, Plaintiff has suddenly absented himself from the process and has failed to take the necessary steps to prosecute this case.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Here, the Court has attempted to prompt

Plaintiff into action with its orders. Notably, the Court has *sua sponte* afforded Plaintiff additional time to comply with the Court's orders. (Doc. 34.) Nevertheless, Plaintiff has failed to respond. Thus, the Court finds Plaintiff's delay in prosecuting this action to be unreasonable.

Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is proceeding in forma pauperis, monetary sanctions are not a viable option. Likewise, given the history of this case, the Court has little confidence that another warning or further admonitions would result in Plaintiff taking action. The Court has already warned Plaintiff on two occasions that his failure to respond would result in the dismissal of this action, but those orders have not spurred Plaintiff into action.[1] (Docs. 26 & 34.) Thus, the Court finds that there is no reasonable alternative to dismissal.

The Court recognizes that public policy favors disposition of cases on the merits and has factored this consideration into its decision. However, securing a disposition on the merits in this case will likely come only at a price that substantially compromises the public's interest in expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's interest in a legal process free from unreasonable delay. Consequently, the Court finds that this factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors favoring dismissal of this action.

///
///
///
///
///
///
///
///

---

[1] The Court's warning to a party that his failure to obey the Court's order is sufficient to satisfy the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

Accordingly, it is **HEREBY RECOMMENDED** that this action be **DISMISSED** without prejudice for Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 17, 2011**                              /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE