IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. ROSE,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA,<br><br>          Defendant.<br>_____ / | Case No. 1:08-cv-00681 LJO JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION<br><br>(Doc. 49) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On October 27, 2010, the Court dismissed the amended complaint with leave to amend. After filing an unsuccessful interlocutory appeal in the Ninth Circuit Court of Appeals, Plaintiff filed a second amended complaint on May 24, 2011.

**I.      SCREENING REQUIREMENT**

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1          The Civil Rights Act under which this action was filed provides a cause of action against any
2  "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United
3  States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
4  immunities secured by the Constitution and laws [of the United States.]"  42 U.S.C. § 1983.  To prove
5  a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional
6  or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48
7  (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a
8  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in
9  another's affirmative acts, or omits to perform an act which he is legally required to do that causes the
10 deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993)
11 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual
12 causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v.
13 Goode, 423 U.S. 362, 370-71 (1976).

14         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim
15 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . .
16 . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
17 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to
18 provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions,"
19 "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly,
20 550 U.S. at 555-57.  The complaint "must contain sufficient factual matter, accepted as true, to 'state
21 a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d
22 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient
23 to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24 **II.     THE SECOND AMENDED COMPLAINT**

25         Plaintiff identifies the following as defendants to this action: (1) former California Governor
26 Arnold Schwarzenegger; (2) Presiding Commissioner of the Board of Prison Hearings Linda Shelton;
27 and (3) Deputy Commissioner of the Board of Prison Hearings Alejaundro Armenta.  (Doc. 49 at 6-7.)
28 Plaintiff claims that Defendants violated his due process rights under the Fourteenth Amendment.  (Id.

2

at 7.) Specifically, Plaintiff alleges that he was not provided fair notice of his February 5, 2008 parole hearing. (Id. at 10.) Plaintiff also alleges that the decision to deny him parole was unfair because the parole hearing panel based its decision on (1) facts regarding Plaintiff's spiritual beliefs; (2) immutable facts regarding Plaintiff's commitment offense; (3) previously adjudicated disciplinary violations; (4) "ex post facto" standards of rehabilitation; and (5) facts regarding Plaintiff's mental and psychological state. (Id. at 11-16.) Plaintiff now seeks declaratory and injunctive relief. (Id. at 19.)

**III.    DISCUSSION**

The United States Supreme Court succinctly explained in Swarthout v. Cooke, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011), the scope of protection afforded by the Due Process Clause of the Fourteenth Amendment to an inmate in California in his parole eligibility determination. The Court held that under California's statutory scheme, which creates a liberty interest in release on parole, federal due process requires "fair procedures." Id. at 862. It does not, however, encompass a more substantive component, namely California's requirement that denials of parole eligibility be supported by "some evidence" of current dangerousness. Id.

In the context of parole, the procedures required by the Due Process Clause are "minimal." Id. A prisoner in California receives "adequate process when he is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). See Roberts v. Hartley, __ F.3d __, 2011WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (federal due process satisfied when the Parole Board permitted the inmate to speak on his own behalf, permitted the inmate to contest the evidence against him, and provided the inmate an explanation of its decision). "The Constitution . . . does not require more." Swarthout, 131 S. Ct. at 862.

Applying Swarthout to the allegations in this case, the Court finds that Plaintiff fails to state a cognizable due process claim. There are no allegations that Plaintiff was denied "an opportunity to be heard" or was not "provided a statement of the reasons why parole was denied" in connection with his February 2008 parole hearing. Id. To the extent that Plaintiff alleges that his parole eligibility hearing was deficient for other reasons, such reasons do not give rise to a cognizable federal due process claim. The Due Process Clause does not require prison officials to provide Plaintiff advanced notice of his

parole hearing.[1]  See Roberts, 2011 WL 1365811, at *3.  Likewise, the Due Process Clause does not permit this Court to evaluate the merits of the Board's decision to deny Plaintiff parole.  See Swarthout, 131 S. Ct. at 862; Miller v. Oregon Bd. of Parole and Post-Prison Supervision, __ F.3d __, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*[.]") (emphasis in original).

The Court declines to provide Plaintiff further leave to amend.  Plaintiff's claims have been foreclosed, as a matter of law, by the Supreme Court's decision in Swarthout.  Thus, any attempt to amend the pleadings to include new facts would be futile in stating a cognizable due process claim.  See Lopez, 203 F.3d at 1127 ("[A] district court should grant leave to amend . . ., unless it determines that the pleading could not possibly be cured by the allegation of other facts.").  Accordingly, the Court will recommend that this action be dismissed.

## IV.   CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1.   This action be **DISMISSED** for failure to state a claim; and

2.   This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  If Plaintiff elects to file written objections, he should caption the document as "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 9, 2011**                                      /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In its previous screening order dated October 26, 2010, the Court found that Plaintiff's allegation that he was not provided advanced notice of his February 5, 2008 was sufficient to state a cognizable due process claim. (Doc. 26 at 8.) In reaching that conclusion, the Court relied on the Ninth Circuit's decision in Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987). However, in light of Swarthout, which was decided by the Supreme Court after this Court issued its October 26, 2010 screening order, the proposition that federal due process requires advanced notice of the parole hearing lacks vitality.