IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. ROSE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:08-cv-00681 LJO JLT (PC)<br><br>ORDER FINDING APPEAL TO BE FRIVOLOUS AND REVOKING IN FORMA PAUPERIS STATUS ON APPEAL<br><br>(Doc. 36) |

Before the Court is the referral notice, dated March 8, 2012, that seeks a determination whether Plaintiff's in forma pauperis status should be continued on appeal or whether the Court finds the appeal to be frivolous. (Doc. 36)

**I.    Background**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. In this litigation, Plaintiff seeks an order precluding the parole board from considering certain evidence and a determination that his 2008 parole hearing was conducted without due process.

In particular, Plaintiff alleged that the 2008 parole hearing occurred without notice to him. However, since the filing of the complaint, Plaintiff was provided a parole hearing in 2010 and received notice and an opportunity to be heard. Therefore, on February 6, 2012, the Court adopted the Findings and Recommendation and dismissed the matter. (Doc. 60) The Court relied

upon the determination that the case was moot because the effectiveness of the relief sought–a new parole hearing–was mooted by the subsequent parole hearing and denial of parole in 2010. (Doc. 58)  In addition, the Court concluded that all of the named defendants were entitled to Eleventh Amendment Immunity and that the parole board member-Defendants were entitled to quasi-judicial immunity. Id.

Though Plaintiff raises issues in his Third Amended Complaint, challenging whether the California law allows the parole board to consider certain types of evidence, given the defects noted above, nothing in the complaint states a federal claim. See Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 862 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [*Swarthout v.*] *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*[.]")  Likewise, Plaintiff has already challenged the denial of his parole in 2008 and in 2010 via petitions for writs of habeas corpus.  Rose v. Sisto, No. 10-1603 (9th Cir. Dec. 20, 2011) (request for certificate of appealability denied); Rose v. Swarthout, 2:11-cv-01879 (ED CA).  Indeed, both of these petitions raise nearly the same issues raised in the instant litigation.

## II.     Analysis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 USCS § 1915.  As noted above, the complaint in this action does not raise cognizable federal issues.  Moreover, Plaintiff has repeatedly raised the same issues in a series of petitions for habeas corpus petitions.  In the petition arising out of the 2008 denial of parole (the parole hearing at issue in the instant litigation), the District Court and the Ninth Circuit Court of Appeals denied his requests for a certificate of appealability.  His petition related to the 2010 denial of parole is in the early stages and no order to answer has yet been issued. Rose v. Swarthout, 2:11-cv-01879 (ED CA).

Because the Court concludes that the appeal is legally frivolous, it **ORDERS** Plaintiff's status entitling him to proceed in forma pauperis, is **REVOKED**.

IT IS SO ORDERED.

**Dated:     March 12, 2012**                      /s/ Lawrence J. O'Neill

UNITED STATES DISTRICT JUDGE